> Decree affirmed, and appeal dismissed at the costs of the appellants.

---

# APPEAL OF A. RYMAN & SONS.

## [DELAWARE etc. R. Co. v. AMITY COAL Co., LIMITED.]

### FROM THE DECREE OF THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY.

Argued February 28, 1889—Decided March 19, 1889.

(a) In the distribution of the proceeds of a sheriff's sale of the plant of a coal company, a mechanics' lien creditor claimed for lumber furnished continuously in and about the erection of the coal breaker and upon the credit of the structure.

(b) Upon sufficient evidence, the auditor found as facts, that the breaker was completed on September 20, 1884; that the boarding up of an archway between the shaft-tower and the breaker finished about December 12, 1884, was but an addition or alteration of the structure not contemplated when the breaker was erected.

(c) The auditor found also, as matter of law, that although the claimant furnished lumber on December 12, 1884, for the work then done on the structure, yet, the claim for lien not being filed until June 6, 1885, it was then too late to entitle the claimant to participate.

(d) After the auditor had given notice of his conclusions, the claimant filed a request for an issue to determine, "whether the portion of the breaker finished in December, 1884, was a constituent part of the structure," but the court below refused the request and confirmed the auditor's report.

1. For reasons stated in Harman's Appeal, ante, 624, there was no error in any of the findings of fact relating to the completion of the building and the consequent invalidity of the lien under which the right to participate in the fund for distribution was claimed.

2. And, as an affirmative finding that "the portion of the breaker

finished in December, 1884, was a constituent part of the structure," would determine nothing at all as to when the structure was completed, the issue as presented was irrelevant and immaterial and it was not error to refuse the request.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 219 January Term 1889, Sup. Ct.; court below, levari facias No. 29 October Term 1885, C. P.

The facts of this case, the report of *Mr. J. H. Torrey*, auditor, the exceptions filed, the request for an issue on the part of A. Ryman & Sons, and the opinion and decree of the court below, fully appear in the report of Harman's Appeal, ante, 624.

The opinion and the decree of the court below being filed, A. Ryman & Sons took this appeal assigning as error, specially :

1. The order of the court dismissing their several exceptions and confirming the report of the auditor.

2. The refusal of their application for an issue.

*Mr. J. Vaughan Darling* and *Mr. Everett Warren* (with them *Mr. E. P. Darling* and *Mr. Edward N. Willard*), for the appellants :

1. Whilst mechanics' liens are purely the creatures of statutory law, and cannot be maintained beyond the extent of the grant of some act of assembly, the tendency of legislation has been to extend them and to give them a liberal construction : Thomas v. Smith, 42 Pa. 68; Mountain City Market House and Hall Ass'n v. Kearns, 103 Pa. 403. The act of April 14, 1855, P. L. 238, declares that whenever the items of a mechanic or material man's bill for work done or material furnished continuously toward the erection of any new building, are in any part bona fide furnished within six months before the filing of the claim therefor, the lien shall be valid for the whole. Under the act of February 17, 1858, P. L. 29, authorizing mechanics' liens upon leasehold estates in Luzerne and Schuylkill counties, the claim must be filed against the interest of the lessee in the particular improvement. As against a mortgage subsequently recorded, the mechanics' lien has reference to the first work done on the ground : Parrish's App., 83 Pa. 111. And materials furnished on the credit of the building, though

in fact unused, will support a lien: 1 Trickett on Liens, § 14. In view of these authorities, no question can be raised as to the validity of the lien filed.

2. Section 2, act of April 14, 1855, P. L. 238, applies to items for work done or materials furnished continuously to the same building. It is intended to link together the items of an account where there was no contract for the whole, or no order which would embrace the whole within a single undertaking; Hofer's App., 116 Pa. 360; Singerly v. Doerr, 62 Pa. 12; Diller v. Burger, 68 Pa. 432; and so long as any part of a building is incomplete, the whole is so: 1 Trickett on Liens, § 48; Holden v. Winslow, 18 Pa. 162; McCree v. Campion, 5 Phila. 9.

3. It was not necessary that the claimants should show that the materials furnished in December, 1884, within six months from the date of filing the lien, went into the breaker as a matter of fact. If they could have been used for and about the construction of the breaker, and were supplied upon the credit of the breaker, the lien would be good though they never went into it at all: Basch v. Sener, 1 Penny. 22; Gaule v. Bilyeau, 25 Pa. 521; Singerly v. Doerr, 62 Pa. 12; Smaltz v. Hagy, 4 Phila. 99; Hinchman v. Graham, 2 S. & R. 170; Parrish's App., 83 Pa. 111.

4. While it is true that a court is not required to grant an issue, to be framed under § 87, act of June 16, 1836, P. L. 777, if the record show that it must necessarily prove unavailing, yet in a proper case, an issue is of right: Souder's App., 57 Pa. 498. In this controversy, the questions involved were purely questions of fact. It was alleged by the claimants that the breaker was not completed until the boarding up of its sides and the construction of the dirt plane and culm trestle. On the other hand, the contestants claimed that the breaker was completed in September, 1884. The case was therefore a proper case for the jury: Presbyterian Church v. Allison, 10 Pa. 413; Yearsley v. Flanigen, 22 Pa. 489; Holden v. Winslow, 18 Pa. 160; Diller v. Burger, 68 Pa. 432; Norris's App., 30 Pa. 122; Miller v. Hershey, 59 Pa. 64; Armstrong v. Ware, 20 Pa. 519; Noar v. Gill, 111 Pa. 492.

*Mr. Alexander Farnham*, for the appellee:

1. With reference to the first specified matter of issue con-

tained in the claimants' request, we contend that it is not presented in such form as to involve the vital question in the case. If the jury were to find that the archway which was inclosed in December, 1884, was a constituent part of the structure, no light would be thrown on the question whether the claim was filed within the required time after its completion. The issue would be aimless, without point or purpose, and its determination in the affirmative would result in no benefit to the claimants. Thoma & Blandy's Est., 76 Pa. 30, furnishes a perfect illustration of our position. And, if the claimants are not entitled to the first issue stated in their request, then the other issues requested become of no moment.

2. Upon the other questions involved, we need not cite authorities to the effect that a finding of fact by an auditor, referee, or master, where there is evidence to support it, and no plain mistake of fact or abuse of power, is as conclusive on the court as that of a verdict of a jury: Harland's Accounts, 5 R. 323; Ludlam's Est., 13 Pa. 188; Kittera's Est., 17 Pa. 416. Taking the testimony of Fuller and Stetler, the auditor could have come to no other conclusion than that which he reached: Diller v. Burger, 68 Pa. 432; Thoma & Blandy's Est., 76 Pa. 30.

OPINION, MR. JUSTICE STERRETT:

One of the questions, involved in several of the specifications, is whether the learned master and court below did not err in finding that the claim of appellants was not filed in time, and therefore invalid as a lien on the property, from the sale of which the fund for distribution was raised.

Precisely the same question, depending on substantially the same evidence, has been considered in Harman & Hassert's Appeal from same decree, and decided adversely to appellants' contention. For reasons briefly stated in the opinion just filed in that case, at No. 179 of this term, we are still of opinion that there is no error in any of the findings of fact relating to the completion of the building in question, and the consequent invalidity of the lien under which appellants claim the right to participate in the fund for distribution. It is unnecessary to repeat what is there said. The specifications of error relating to that subject are not sustained.

The only remaining specification is the refusal of the court to grant the application for an issue to be framed under the 87th section of the act of 1836. That section, qualified by the proviso of § 2, act of April 20, 1846, P. L. 411, is as follows: "If any fact connected with such distribution shall be in dispute, the court shall, at the request in writing of any person interested, direct an issue to try the same, . . . . . provided that before an issue shall be directed . . . . . the applicant for such issue shall make affidavit that there are material facts in dispute therein and shall set forth the nature and character thereof; upon which affidavit the court shall determine whether such issue shall be granted," etc.

In accordance with the requirements of the act, it is well settled in practice, that the applicant must set out the specific facts in dispute, on which he bases his claim to an issue: Dickerson's Appeal, 7 Pa. 258. A fact is properly said to be in dispute, when it is alleged by one party and denied by the other, and by both with some show of reason. A mere allegation, without evidence, or against the evidence, cannot create a dispute within the meaning of the law: Knight's Appeal, 19 Pa. 493. In a proper case, an issue is of right; but, it must always appear that the disputed fact is material and relevant: Souder's Appeal, 57 Pa. 498; Benson's Appeal, 48 Pa. 160.

The questions, composing the issue demanded in this case, are five in number. The first is, "1. Whether the portion of the breaker, finished in December, 1884, was a constituent part of the structure?" It is claimed that an affirmation of this question would have settled a material fact in appellant's favor, viz.: that their claim, filed June 9, 1885, was in time. That, however, is a non sequitur. Assuming, for the sake of argument merely, that an affirmative finding of that fact would determine anything at all as to when the building was completed, it could be nothing more than the fact that it was finished some time in December, 1884, but whether more or less than six months before appellants' claim was filed would still be uncertain. But, aside from that, how could the finding that, "the portion of the breaker, finished in December, 1884, was a constituent part of the structure," determine when the original structure was finished? The contention, on the other side, was that it was finished about September 20, 1884; that it

was afterwards found by experience that some slight alterations and additions would be desirable, and they were accordingly made early in the following December. This is what is meant by "the portion of the breaker finished in December, 1884." Of course, the alterations and additions thus made would at once become " a constituent part of the structure," just as would an out-kitchen added to an already completed dwelling house. The fact that the additions and alterations made after the breaker, as originally designed, had been completed and put in operation, became a constituent part of the structure, was not even disputed; but if it had been, the settlement of that disputed fact could have nothing whatever to do in determining when the breaker, as originally designed and constructed, was finished. If the purpose of the first question was to determine that the claim was filed in time, it was not so worded as to accomplish that object. As presented, it was irrelevant and immaterial. The controlling question, whether the claim was filed in time or not, having been omitted from the issue, the remaining questions of fact were immaterial. There was therefore no error in refusing that issue as presented, and the case was rightly disposed of on the report of the auditor.

> Decree affirmed, and appeal dismissed at the costs of appellants.